## 25029. DENNY *v.* BELSINGER.

STEPHENS, J. 1. Mere possession of property by a defendant in a suit in trover, under a contract with the plaintiff by which the defendant was to make repairs on the property, where the defendant had not completed the contract by making the repairs but had only ordered from a factory necessary parts for the making of the repairs, and had made arrangements in his shop for the purpose of making the repairs, affords, as against the right and title of the plaintiff as the true owner of the property, no right to the possession of the property by the defendant merely for the purpose of enabling the defendant to complete the contract where the defendant claims no lien on the property.

2. Whether the plaintiff's demurrer to the paragraph of the plea and answer setting out the defense indicated in paragraph 1 above be properly denominated a special demurrer rather than a general demurrer, and for that reason it could not be made after the expiration of the first term of the court, the filing afterwards by the defendant of an amendment to the plea and answer, wherein it was alleged that the defendant admitted title to the property in the plaintiff, but denied that the plaintiff was entitled to possession thereof (although this amendment was presented and allowed after the demurrer to the original plea had been sustained and the portion of the original plea demurred to had been stricken, yet where the special demurrer to the paragraph of the original plea was erroneously entertained and sustained because it was filed after the first term of court) opened the paragraph of the original plea as thus amended to special demurrer. Under the ruling announced in note 1, supra, the plea and answer as thus amended failed

to set out a defense to the suit. The plaintiff, after the allowance of the amendment,. having renewed "all grounds of his general and special demurrers heretofore filed to defendant's answer," and, having urged "the same to the answers now amended," demurred to the answer as amended, on the ground that it set forth no defense to the plaintiff's petition, the court did not err in sustaining this demurrer to the plea as thus amended.

3. There having been made no motion for new trial, and the only assignments of error in the bill of exceptions being to the rulings of the court on the pleadings, and to the verdict on the ground that it was not a legal termination of the case, and there being no error in the judgment sustaining the demurrer to the defendant's plea as amended, the judgment is        *Affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 20, 1936.

*McElreath & Scott, J. Lon Duckworth,* for plaintiff in error. *Grigsby H. Wotton, Augustine Sams,* contra.